UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 10-03055-M |
| CHERRY J. TORDOFF, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | U.S. TRUSTEE'S BRIEF RE: |
| | ) | POTENTIAL SANCTIONS FOR |
| | ) | VIOLATIONS OF 11 U.S.C. |
| Debtor. | ) | § 110 |

The U.S. Trustee submits this brief on the issues presented by his pending motion for telephonic show cause hearing (doc. 17). The matter was heard on January 7, 2011.

### BACKGROUND

Cherry J. Tordoff ("debtor") filed her *pro se* chapter 7 petition on November 10, 2010 (doc. 1). Her petition, schedules, and statements were prepared by Barbara Miller, 2402 Country Club Drive, Pearland, TX 77581. The materials identify Ms. Miller as a non-attorney bankruptcy petition preparer as defined by 11 U.S.C. § 110(a)(1).[1] On November 10, 2010, the U.S. Trustee filed a motion for an order directing Ms. Miller to amend her disclosure of compensation and sign the required declarations at pages 3, 9, and 34 of the petition, schedules, and statements (doc. 9).

The court entered an order granting the motion on November

---

[1] All citations are to Title 11 of the United States Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

15, 2010 (doc. 13).  The order directed Ms. Miller to sign and file the required materials by no later than November 30, 2010. As shown in the certificate of service filed November 16, 2010, the U.S. Trustee mailed a copy of the order to Ms. Miller at her address of record on November 15, 2010 (doc. 14).  Copies were also mailed to the debtor and case trustee David A. Sergeant.

The docket reflects that Ms. Miller did not comply with the order or request additional time to respond.  The U.S. Trustee requested a telephonic show cause hearing by motion filed December 2, 2010 (doc. 17).  Paragraph 5 of the motion identified a range of potential sanctions for violations of § 110.  The matter was heard on January 7, 2011 (doc. 31).  Ms. Miller did not participate in the conference call.

## DISCUSSION

Section 110 of the Bankruptcy Code regulates the conduct of bankruptcy petition preparers.  <u>In re Amstutz</u>, 427 B.R. 636, 639 (Bankr. N.D. Ohio 2010).  A non-attorney who prepares documents in exchange for compensation is subject to the affirmative obligations set out in § 110.  <u>In re Woodward</u>, 314 B.R. 201, 205 (Bankr. N.D. Iowa 2004).  The following obligations and sanctions are at issue in this case:

§ 110(b)(1): A bankruptcy petition preparer who prepares a document for filing shall <u>sign the document</u> and print on the document the preparer's name and address.  [Emphasis added].
* * * *

§ 110(h)(2): A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor. * * * *

§ 110(h)(3)(B): All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g).

§ 110(j)(3): The court, as part of its contempt power, may enjoin a bankruptcy petition preparer that has failed to comply with a previous order entered under this section. The injunction under this paragraph may be issued on the motion of the court, the trustee, or the United States trustee (or the bankruptcy administrator, if any).

§ 110(l)(1): A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure.

Ms. Miller filed the disclosure of compensation required by § 110(h)(2)(doc. 6). It does not, however, identify any fees paid or payable by the debtor. Lines 3 and 4 refer to an unidentified third party as the source of Ms. Miller's compensation. The disclosure is not signed by Ms. Miller. She also failed to sign the following: (1) the declaration contained in the "Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer" attached to the disclosure of compensation (doc. 6 at 2), and (2) the declarations contained in the petition, schedules, and statement of financial affairs (doc. 1 at 3, 9, and 34). There are a total of five missing signatures, each of which represents a violation of § 110(b)(1). The potential fines

in this case total $3,000.[2]

## CONCLUSION

In accordance with the standards noted above, the court should enter an order directing disclosure, forfeiture, and disgorgement of Ms. Miller's compensation in this case. The order should provide for the imposition of an appropriate fine or an injunction if Ms. Miller fails to comply within the time fixed by the court. To ensure compliance, the order should require the debtor to notify the U.S. Trustee of the status of Ms. Miller's compliance by a date certain.

Respectfully submitted this 12th day of January, 2011.

                                       Habbo G. Fokkena
                                       United States Trustee
                                       Region 12

                                       By: */s/ John F. Schmillen*
                                           John F. Schmillen, ID 76543
                                           Trial Attorney
                                           Law Building, Suite 400
                                           225 Second Street S.E.
                                           Cedar Rapids, IA 52401
                                           (319)/364-2211 fax 364-7370

---

[2] $2,500 for five omitted signatures (§ 110(b)(1)) plus $500 for an inadequate disclosure of compensation (§ 110(h)(2)).

CERTIFICATE OF SERVICE

The undersigned certifies that copies of this document were served on the parties listed below by first-class mail, postage prepaid, on January 12, 2011:

Barbara Miller
2402 Country Club Drive
Pearland, TX 77581

Cherry J. Tordoff
705 Water Street
Alden, IA 50006-8436

David A. Sergeant
1728 Central Avenue, Ste. 3
Fort Dodge, IA 50501

                                        /s/ John F. Schmillen
                                        John F. Schmillen