IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| CHERRY J. TORDOFF, | ) |
| | ) Bankruptcy No. 10-03055 |
| Debtor. | ) |

**ORDER RE: TRUSTEE'S MOTION FOR SANCTIONS**

This matter came before the Court on a telephonic hearing on January 7, 2011 to show cause for the failure of bankruptcy petition preparer Barbara Miller to abide by an Order of this Court. Attorney John Schmillen appeared on behalf of the U.S. Trustee. Miller did not participate in the conference call. The Court heard the arguments of counsel and took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

**PROCEDURAL AND FACTUAL BACKGROUND**

Debtor filed her *pro se* Chapter 7 bankruptcy petition on November 10, 2010. The signature block of Debtor's Voluntary Petition contains reference to Barbara Miller as the non-attorney bankruptcy petition preparer. The signature block contains Miller's social security number and mailing address, but is not signed. The Declarations concerning Debtor's Statement of Financial Affairs and Schedules both contain the same information regarding Miller, but are not signed. Miller also filed a Disclosure of Compensation of Bankruptcy Petition Preparer. The Disclosure does not identify her fee in this case. Attached to the Disclosure is the Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer. It is also unsigned.

On November 10, 2010, the U.S. Trustee filed a Motion for Order Directing Bankruptcy Petition Preparer to Amend Disclosure of Compensation and Sign Required Declarations. In the Motion, the U.S. Trustee requested an order directing Miller to amend her Disclosure of

Compensation and sign the required declarations as required by 11 U.S.C. § 110. The verified Certificate of Service attached to the Motion indicates that the U.S. Trustee served a copy of the Motion on Miller. The U.S. Trustee served it at her mailing address by first-class mail, postage prepaid, on November 10.

On November 15, 2010, the Court Granted the U.S. Trustee's Motion. The Court required Miller to sign and file an amended disclosure of compensation showing the amount and source of all compensation paid or payable to her for bankruptcy petition preparation services in this case. The Order also required Miller to sign and file the "Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer," and the required declarations contained in Debtor's Petition, Schedules, and Statements. The Order set a deadline of no later than November 30, 2010 for Miller to file all of the specified documents. The U.S. Trustee filed a Certificate of Service indicating that he mailed a copy of the Order to Miller on November 15, 2010.

Miller failed to comply with the Court's November 15, 2010 Order or to request additional time to respond. After the deadline passed, the U.S. Trustee filed a Motion for a Telephonic Show Cause Hearing. The U.S. Trustee requested the hearing so the Court could ascertain whether sanctions were warranted. The U.S. Trustee also requested that the Court direct Miller to provide a telephone number where she could be reached for the hearing. The Court entered an Order setting the requested hearing, and requiring Miller to provide her phone number to the U.S. Trustee five days before the scheduled hearing date.

The Court held the telephonic hearing on January 7, 2011. The U.S. Trustee was the only party to appear and explained to the Court that Miller never provided the phone number as the Court required. The Court heard the U.S. Trustee's arguments and took the matter under

advisement. The Court directed the U.S. Trustee office to file a brief or submit a proposed order for the Court's consideration on or before January 14, 2011. The U.S. Trustee filed a brief within that time period.

## CONCLUSIONS OF LAW AND DISCUSSION

Section 110 of the Bankruptcy Code regulates the conduct of bankruptcy petition preparers. Section 110 defines "bankruptcy petition preparer" to mean " a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" by the debtor in connection with her bankruptcy case. 11 U.S.C. § 110(a)(1). A non-attorney who acts as a "bankruptcy petition preparer" in exchange for compensation is subject to the affirmative obligations set out in § 110. In re Woodward, 314 B.R. 201, 205 (Bankr. N.D. Iowa 2004). In § 110, "Congress sought to confront petition preparers who prey on the poor and unsophisticated, who attempt to provide legal advice and legal services and/or who take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system." In re Simons, No. 09-01428, 2009 WL 3055280 at *2 (Bankr. N.D. Iowa 2009) (citing In re Bradshaw, 233 B.R. 315, 325–26 (Bankr. D. N.J. 1999)). "Congress meant to allow petition preparers to provide the limited service of typing bankruptcy petitions and to restrict them from providing debtors with anything beyond this limited service." Id. (citing In re Farness, 244 B.R. 464, 466–67 (Bankr. D. Idaho 2000)).

Congress allowed petition preparers to perform this limited service under specific requirements. Those requirements are set out in § 110(b)(1) and (h)(2):

> (b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.
> . . .

> (h)(2) A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.

Congress also provided for sanctions against petition preparers who fail to scrupulously follow the guidelines set forth in § 110(h)(3), (j)(3), and (l)(1):

> (h)(3)(B) All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g).
> . . .
> (j)(3) The court, as part of its contempt power, may enjoin a bankruptcy petition preparer that has failed to comply with a previous order entered under this section. The injunction under this paragraph may be issued on the motion of the court, the trustee, or the United States trustee (or the bankruptcy administrator, if any).
> . . .
> (l)(1) A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure.

The U.S. Trustee asserts Miller failed to comply with these requirements and seeks to impose the sanctions called for in § 110. The Court agrees that Miller failed to comply with the requirements and will impose sanctions.

While Miller filed the Disclosure of Compensation required by §110(h)(2) and Local Rule 2016-1(c), the Disclosure does not identify fees paid or payable by the debtor. Lines 3 and 4 refer to an unidentified third party as the source of Miller's compensation. The Disclosure is not signed by Miller.

Miller additionally failed to sign: (1) the declaration contained in the "Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer" attached to the Disclosure of compensation; and (2)

the declarations contained in the Petition, Schedules, and Statement of Financial Affairs. In all, there are a total of five missing signatures.

The Trustee argues that each missing signature represents a violation of the signature requirement of § 110(b)(1) for a "document for filing" created by the petition preparer. Section 110 defines a "document for filing" to mean a "petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2). Bankruptcy courts do not unanimously agree that the petition, schedules, and statement of affairs each constitute separate "documents for filing." Compare In re Jolly, 313 B.R. 295, 300–01 (Bankr. S.D. Iowa 2004) (petition, schedules, and various statements are separate documents for the purposes of § 110, and citing Fed. R. Bankr. P. 1007(c) which permits schedules and statements to be filed within fifteen days of filing the petition, Advisory Committee Notes to the 1995 amendments to the Official Forms, which also states that the schedules, statement of financial affairs, and the Chapter 7 debtor's individual statement of intention are separate documents for filing) with In re Brokenbrough, 197 B.R. 839, 844 (Bankr. S.D. Ohio 1996) ("Since these [debtor schedules, lists, statements and other bankruptcy papers attached to the petition and filed therewith] were affixed as one document and filed together and numbered as one document, it would be overreaching to find that there are several documents for purposes of § 110 of the Bankruptcy Code."). This Court agrees with the majority view set forth in Jolly, and holds that the petition, schedules, and statement of affairs each constitute separate documents. See Woodward, 314 B.R. at 205; see also In re Jay, 2010 WL 3259381 n. 15 (Bankr. E.D. Va. 2010) ("The majority of courts that have considered the issue have held that the petition, the schedules, and the various statements constitute separate documents for

5

the purposes of § 110."). Thus, the Court holds that each missing signature constitutes a separate violation of § 110(b)(1). Because Miller failed to adequately disclose her compensation under § 110(h)(2), the Court finds that Miller has violated that subsection as well.

"The bankruptcy court is authorized to impose all other remedies under § 110 . . ." In re Bagley, 433 B.R. 325, 328 (Bankr. D. Mont. 2010) (citing In re Graves, 279 B.R. 266, 271 (B.A.P. 9th. Cir. 2002)). Thus, the entire fee paid to Miller may be disgorged. § 110(h)(3)(B). Additionally, each of Miller's six violations of § 110—five violating (b)(1) one violating (h)(2)—could subject Miller to a fine of Five Hundred Dollars ($500.00). Those six fines of $500 could thus total Three Thousand Dollars ($3,000.00).

The U.S. Trustee has requested an order directing disclosure, forfeiture, and disgorgement of Miller's compensation in this case. The U.S. Trustee proposes that the order provide for the imposition of a fine or injunction if Miller fails to comply within the time fixed by the Court. The Court agrees with this proposed course of action.

**WHEREFORE,** the United States Trustee's Motion for Sanctions for Violations of 11 U.S.C. § 110 is GRANTED.

**FURTHER,** Barbara Miller shall sign and file an amended disclosure of compensation showing the amount and source of all compensation paid or payable to her for bankruptcy petition preparation services in this case.

**FURTHER,** Ms. Miller shall forfeit and disgorge to the appointed Trustee in this case any compensation paid to her for bankruptcy preparation services in this case.

**FURTHER,** Ms. Miller shall sign and file the "Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer."

**FURTHER,** Ms. Miller shall sign and file the required declarations at pages 3, 9, and 34 of Debtor's Petition, Schedules, and Statements.

**FURTHER,** Ms. Miller shall file all of the specified documents and return any compensation paid to her by no later than twenty-one (21) days from the date of this Order.

**FURTHER,** Ms. Miller shall notify the U.S. Trustee of the status of her compliance with this Order no later than twenty-one (21) days from the date of this Order.

**FURTHER,** if Ms. Miller fails to file all of the specified documents and return all compensation paid to her by said date, she shall be fined $3,000.00 without further notice or hearing.

Dated and entered: February 16, 2011

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE